Hon. Richard I. Cantor Corporation Counsel Poughkeepsie
You request our opinion, reciting the following facts:
 "Recently, the drivers of two City of Poughkeepsie refuse trucks, being City employees, were issued tickets for violation of Section 385
of the Vehicle and Traffic Law. The statutory provision establishes a maximum weight limitation for trucks. The City of Poughkeepsie trucks were being utilized at the time by City employees in the course of City employment to bring compacted refuse to a landfill site located in Amenia, New York. The drivers of the vehicles, given the physical arrangement at the City sanitation center, did not have knowledge that the trucks were overweight nor an opportunity to correct the situation. The weighing and loading of the trucks was the responsibility of others."
You enclosed with your letter a copy of section 48 of the Charter Laws of the City of Poughkeepsie relating to the Corporation Counsel which provide, in part:
 "The corporation counsel shall be the legal adviser of the city manager, mayor, common council and all boards and other officers of the city. He shall prosecute and defend all actions or proceedings brought by or against the city or by or against any of its officers in their official capacity, and appeal from all such orders, decisions and judgments as he deems advisable. Whenever the interests of the city are inconsistent with any officer or employee paid his compensation from city funds, the corporation counsel shall represent only the interests of the city. In such case the officer or employee may at his own expense employ an attorney-at-law."
Based upon the foregoing, you ask:
 "(a) Is the Corporation Counsel obligated to represent and defend the City employees in the vehicle and traffic matters?
 "(b) Is the City, if not required, authorized and permitted to represent such employees in such matters?"
In answer to your question (a), it is our opinion that the Corporation Counsel of the City of Poughkeepsie is not obligated to represent and defend city employees who have been charged with violation of Vehicle and Traffic Law § 385, relating to weights of vehicles they are operating.
In answer to your question (b), it is our opinion that the Corporation Counsel of the City of Poughkeepsie in his official capacity may not represent such employees at the expense of the city; in his private capacity, if he is permitted to conduct a private practice while holding the office of Corporation Counsel, there might be a professional conflict of interest between the duty to the private client and the duty to defend officers of the city. As to the matter of professional conflict of interest, we refer you to the Committee on Professional Ethics of the New York State Bar Association, One Elk Street, Albany, New York 12207.
The employees should provide their own defense to the charges, after which each one may submit a claim to the city. A city has authority under General City Law § 20 subd 5
 "5. To * * * pay or compromise claims equitably payable by the city, though not constituting obligations legally binding on it, but it shall have no power to waive the defense of the statute of limitations or to grant extra compensation to any public officer, servant or contractor."